**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MEDIR GOVERNMENT SOLUTIONS, LLC**
**and MEDIR-GOV, LLC**                                          **PLAINTIFFS**

**VS.**                                          **CAUSE NO.** ___1:19-cv-626-LG-RHW

**GEORGE COUNTY, MISSISSIPPI**
**BOARD OF SUPERVISORS and CAMMIE BYRD,**
**in her official capacity as CHANCERY CLERK**
**for GEORGE COUNTY, MISSISSIPPI**                                          **DEFENDANTS**

---

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

Plaintiffs MEDIR Government Solutions, LLC and MEDIR-GOV, LLC ("MEDIR") file this Complaint against Defendant George County, Mississippi Board of Supervisors  and Defendant Cammie Byrd, in her official capacity as Chancery Clerk of George County, Mississippi, and in support thereof would show unto this Honorable Court the following:

**I.       JURISDICTION AND VENUE**

1.       This action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and the Defend Trade Secrets Act, 18 U.S.C. § 1836.

2.       This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**II.       PARTIES**

3.       MEDIR Government Solutions, LLC and MEDIR-GOV, LLC are Mississippi corporations doing business in Mississippi. MEDIR-GOV, LLC is the assignee of certain

contractual rights of MEDIR Government Solutions, LLC including those which pertain to Defendants.

4.      Defendant George County may be served with process by service upon the President or the Clerk of the Board, which is the Chancery Court Clerk. *See* Fed. R. Civ. P. 4(j)(2); Miss. R. Civ. P. 4(d)(6). Defendant George County Chancery Clerk may be served with process by personal service.

### Ill.    FACTS

5.      On February 19, 2009, MEDIR entered into a Software License Agreement ("Agreement") with the Defendants, a true and correct copy of which is attached as Exhibit A.

6.      Through the Agreement, MEDIR granted George County a non-exclusive license to use its proprietary software known as the MGS Recorder. This software was installed on a computer server in the Chancery Clerk's office of George County. The MGS Recorder is an electronic database for storing and searching public records.

7.      As part of the Agreement, George County also agreed to pay $600 per month to MEDIR for support services. The term of this aspect of the Agreement was for a period of one (1) year which automatically renewed each year unless cancelled before February 20.

8.      The Agreement requires the customer to maintain the confidentiality of MEDIR's proprietary software and prohibits unauthorized access without MEDIR's prior consent.

9.      On or about April 8, 2019, Byrd sent a letter to MEDIR purporting to cancel the Agreement and the payment of monthly support fees. *See* Exhibit B. Upon termination of the

Agreement, George County license to use and/or access MEDIR's proprietary software ceased.

10.    Prior to sending this letter and without MEDIR's knowledge or consent, Byrd and George County had already "switched" to another software called DuProcess provided by a competitor, Alliance Renewable Technologies, Inc. ("Alliance").

11.    In order to make the switch to DuProcess, George County allowed Alliance to access MEDIR's proprietary software to extract data. This unauthorized access allowed Alliance to view and pirate MEDIR's proprietary source code, database and table structures.

## IV.    CAUSES OF ACTION

### COUNT I
### VIOLATION OF DEFEND TRADE SECRETS ACT

12.    MEDIR incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

13.    MEDIR's proprietary software constitutes a trade secret protected by the Defend Trade Secret Act.

14.    Defendants willfully, knowingly, and/or negligently misappropriated MEDIR's software. Such actions constitute a violation of the Act, for which MEDIR is entitled to recover.

### COUNT II
### VIOLATION OF MISSISSIPPI UNIFORM TRADE SECRETS ACT

15.    MEDIR incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

16.    MEDIR's proprietary software constitutes a trade secret protected by the Mississippi Uniform Trade Secrets Act.

17.    Defendants willfully, knowingly, and/or negligently misappropriated MEDIR's software. Such actions constitute a violation of the Act, for which MEDIR is entitled to recover.

## COUNT III
### VIOLATION OF COMPUTER FRAUD & ABUSE ACT

18.    MEDIR incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

19.    MEDIR's proprietary software constitutes a trade secret which comes with protection of the Computer Fraud & Abuse Act.

20.    Defendants willfully, knowingly, and/or negligently misappropriated MEDIR's software. Such actions constitute a violation of the Act, for which MEDIR is entitled to recover.

## COUNT III
### BREACH OF CONTRACT

21.    MEDIR incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

22.    Defendants have breached the Agreement by improperly terminating the same and by not paying the amounts due and owing.

23.    Furthermore, Defendants have breached the license agreement by allowing a competitor to access MEDIR's proprietary software without authorization and by failing to return MEDIR's software upon purporting to cancel the Agreement.

## V.    PRAYER FOR RELIEF

24.    MEDIR incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

25.    MEDIR respectfully demands compensatory and punitive damages.

26.    MEDIR respectfully demands all costs and attorneys' fees incurred in pursuit of this claim.

27.    MEDIR respectfully prays for all such other relief which this Honorable Court may deem appropriate including but not limited to pre-judgment interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment of, from and against the Defendants as prayed for herein.

RESPECTFULLY SUBMITTED, this 19th day of September, 2019.

        **MEDIR GOVERNMENT SOLUTIONS, LLC and MEDIR-GOV, LLC**

        By:___*W. Thomas McCraney, III*_____
              W. Thomas McCraney, III
              Attorney for Plaintiffs

**OF COUNSEL:**

W. Thomas McCraney, III (MS Bar No. 10171)
**McCraney Montagnet Quin & Noble, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:    (601) 707-5725
Facsimile:    (601) 510-2939